UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

EVANGELO THOMATOS,                                              **ANSWER**

                                    Plaintiff,                  07 CV 7848 (RJS)

                    -against-                                   <u>Trial By Jury Requested</u>


CITY OF NEW YORK, TARIQ ATKINS, WILEEN          (filed by ECF)
MOORE, and JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                    Defendants.


------------------------------------------------------------------------x


      Defendants City of New York and Tariq Atkins,[1] by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the complaint, respectfully allege, upon information and belief, as follows:

      1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action and to assert claims as set forth therein.

      2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action as set forth therein.

      3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

      4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as set forth therein.

---

[1] On information and belief, defendant Wileen Moore has not yet been served.

5.      Admit that plaintiff purports to demand a trial by jury as set forth in paragraph "5" of the complaint.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.      Admit the allegations set forth in paragraph "7" of the complaint.

8.      Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York maintains a police department and refer the Court to the applicable provisions of law concerning the functions that the police department is authorized to perform.

9.      Deny the allegations set forth in paragraph "9" of the complaint, except admit that the City of New York employed Tariq Atkins and Wileen Moore as traffic enforcement agents on the date of incident, deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Doe defendants, and state that the allegations concerning whether the individual defendants were acting under supervision and according to their official duties are legal conclusions rather than averments of fact and, accordingly, no response is required.

10.      Defendants state that the allegations set forth in paragraph "10" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

11.      Deny the allegations set forth in paragraph "11" of the complaint.

12.      Deny the allegations set forth in paragraph "12" of the complaint.

13.     Deny the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff was in the vicinity of East 14th Street between Avenues A and B in New York, New York, on or about June 14, 2006, in the early morning hours.

14.     Deny the allegations set forth in paragraph "14" of the complaint.

15.     Deny the allegations set forth in paragraph "15" of the complaint.

16.     In response to the allegations set forth in paragraph "16" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "15" of this answer as if fully set forth therein.

17.     Deny the allegations set forth in paragraph "17" of the complaint.

18.     Deny the allegations set forth in paragraph "18" of the complaint.

19.     Deny the allegations set forth in paragraph "19" of the complaint.

20.     Deny the allegations set forth in paragraph "20" of the complaint.

21.     Deny the allegations set forth in paragraph "21" of the complaint.

22.     In response to the allegations set forth in paragraph "22" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "21" of this answer as if fully set forth therein.

23.     Deny the allegations set forth in paragraph "23" of the complaint.

24.     Deny the allegations set forth in paragraph "24" of the complaint.

25.     In response to the allegations set forth in paragraph "25" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "24" of this answer as if fully set forth therein.

26.     Deny the allegations set forth in paragraph "26" of the complaint.

27.     Deny the allegations set forth in paragraph "27" of the complaint.

28.    Deny the allegations set forth in paragraph "28" of the complaint.

29.    In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "28" of this answer as if fully set forth therein.

30.    Deny the allegations set forth in paragraph "30" of the complaint.

31.    Deny the allegations set forth in paragraph "31" of the complaint.

32.    In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "31" of this answer as if fully set forth therein.

33.    Deny the allegations set forth in paragraph "33" of the complaint.

34.    Deny the allegations set forth in paragraph "34" of the complaint.

35.    In response to the allegations set forth in paragraph "35" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "34" of this answer as if fully set forth therein.

36.    Deny the allegations set forth in paragraph "36" of the complaint.

37.    Deny the allegations set forth in paragraph "37" of the complaint.

38.    Deny the allegations set forth in paragraph "38" of the complaint.

39.    Deny the allegations set forth in paragraph "39" of the complaint.

40.    Deny the allegations set forth in paragraph "40" of the complaint.

41.    Deny the allegations set forth in paragraph "41" of the complaint.

42.    Deny the allegations set forth in paragraph "42" of the complaint.

43.    Deny the allegations set forth in paragraph "43" of the complaint and all of its subparts.

4

44.    Deny the allegations set forth in paragraph "44" of the complaint.

45.    In response to the allegations set forth in paragraph "45" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "44" of this answer as if fully set forth therein.

46.    Deny the allegations set forth in paragraph "46" of the complaint, except admit that a document purporting to be a notice of claim was received by the Comptroller's Office of the City of New York on or about July 28, 2006.

47.    Deny the allegations set forth in paragraph "47" of the complaint, except admit that the claim has not been settled.

48.    Defendants state that the allegations set forth in paragraph "48" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

49.    Defendants state that the allegations set forth in paragraph "49" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

50.    Defendants state that the allegations set forth in paragraph "50" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

51.    In response to the allegations set forth in paragraph "51" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "50" of this answer as if fully set forth therein.

52.    Deny the allegations set forth in paragraph "52" of the complaint.

53.    Deny the allegations set forth in paragraph "53" of the complaint.

54.     In response to the allegations set forth in paragraph "54" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "53" of this answer as if fully set forth therein.

55.     Deny the allegations set forth in paragraph "55" of the complaint.

56.     Deny the allegations set forth in paragraph "56" of the complaint.

57.     In response to the allegations set forth in paragraph "57" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "56" of this answer as if fully set forth therein.

58.     Deny the allegations set forth in paragraph "58" of the complaint.

59.     Deny the allegations set forth in paragraph "59" of the complaint.

60.     Deny the allegations set forth in paragraph "60" of the complaint.

61.     Deny the allegations set forth in paragraph "61" of the complaint.

62.     Deny the allegations set forth in paragraph "62" of the complaint.

63.     In response to the allegations set forth in paragraph "63" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "62" of this answer as if fully set forth therein.

64.     Deny the allegations set forth in paragraph "64" of the complaint.

65.     Deny the allegations set forth in paragraph "65" of the complaint.

66.     In response to the allegations set forth in paragraph "66" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "65" of this answer as if fully set forth therein.

67.     Deny the allegations set forth in paragraph "67" of the complaint.

68.     Deny the allegations set forth in paragraph "68" of the complaint.

69.     In response to the allegations set forth in paragraph "69" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "68" of this answer as if fully set forth therein.

70.     Deny the allegations set forth in paragraph "70" of the complaint.

71.     In response to the allegations set forth in paragraph "71" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "70" of this answer as if fully set forth therein.

72.     Deny the allegations set forth in paragraph "72" of the complaint.

73.     In response to the allegations set forth in paragraph "73" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "72" of this answer as if fully set forth therein.

74.     Deny the allegations set forth in paragraph "74" of the complaint.

75.     Deny the allegations set forth in paragraph "75" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**:

76.     The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**:

77.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**:

78.     At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their

discretion.  Therefore, defendant City of New York is entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

79.    Any injury alleged to have been sustained resulted from plaintiff's respective culpable or negligent conduct and/or the conduct of someone not under the control of defendants, and was not the proximate result of any act of defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

80.    There was probable cause for plaintiff's arrest and/or detention.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

81.    Punitive damages are not obtainable as against defendant City of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

82.    Defendant Tariq Atkins has not violated any clearly established constitutional right of which a reasonable person would have known and, therefore, is protected by qualified immunity from liability.

**WHEREFORE**, defendants City of New York and Tariq Atkins request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
          December 17, 2007

                             **MICHAEL A. CARDOZO**
                             Corporation Counsel of the
                               City of New York
                             Attorney for Defendants City of New York
                               and Tariq Atkins
                             100 Church Street
                             New York, New York  10007
                             (212) 227-4071

                             By:  _____/S/_____
                                 SUSAN P. SCHARFSTEIN

To:     Brett H. Klein, Esq.
         Leventhal & Klein, LLP
         45 Main Street, Suite 230
         Brooklyn, NY  11201

Index No.  07 CV 7848 (RJS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVANGELO THOMATOS,

                                              Plaintiff,

                        -against-

CITY OF NEW YORK, TARIQ ATKINS, WILEEN MOORE, and
JOHN and JANE DOE 1 through 10, individually and in their official
capacities, (the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                              Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
  *Attorney for Defendants City of New York and Tariq*
  *Atkins*
  *100 Church Street*
  *New York, N.Y.  10007*

  *Of Counsel:  Susan P. Scharfstein (SS 2476)*
  *Tel:  (212) 227-4071*
  *NYCLIS No.:*

*Due and timely service is hereby admitted.*

*New York, N.Y.  .............................................................., 200 . . .*

*  ............................................................................................Esq.*

*Attorney for ...................................................................................*