UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

EVANGELO THOMATOS,

                              Plaintiff,

            -against-

CITY OF NEW YORK, TARIQ ATKINS, WILEEN MOORE, and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.

**ANSWER OF DEFENDANT WILEEN MOORE**

07 CV 7848 (RJS)

<u>Trial By Jury Requested</u>

(filed by ECF)

------------------------------------------------------------------------x

        Defendant Wileen Moore,[1] by her attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for her answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action and to assert claims as set forth therein.

        2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action as set forth therein.

        3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

        4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as set forth therein.

---

[1] Defendants City of New York and Tariq Atkins have previously answered the complaint.

5. Admits that plaintiff purports to demand a trial by jury as set forth in paragraph "5" of the complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Admits the allegations set forth in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York maintains a police department and refers the Court to the applicable provisions of law concerning the functions that the police department is authorized to perform.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that the City of New York employed Tariq Atkins and Wileen Moore as traffic enforcement agents on the date of incident, denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Doe defendants, and states that the allegations concerning whether the individual defendants were acting under supervision and according to their official duties are legal conclusions rather than averments of fact and, accordingly, no response is required.

10. Defendant states that the allegations set forth in paragraph "10" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

11. Denies the allegations set forth in paragraph "11" of the complaint.

12. Denies the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits that plaintiff was in the vicinity of East 14th Street between Avenues A and B in New York, New York, on or about June 14, 2006, in the early morning hours.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. In response to the allegations set forth in paragraph "16" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "15" of this answer as if fully set forth therein.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "21" of this answer as if fully set forth therein.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "24" of this answer as if fully set forth therein.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "28" of this answer as if fully set forth therein.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "31" of this answer as if fully set forth therein.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. In response to the allegations set forth in paragraph "35" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "34" of this answer as if fully set forth therein.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint and all of its subparts.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. In response to the allegations set forth in paragraph "45" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "44" of this answer as if fully set forth therein.

46. Denies the allegations set forth in paragraph "46" of the complaint, except admits that a document purporting to be a notice of claim was received by the Comptroller's Office of the City of New York on or about July 28, 2006.

47. Denies the allegations set forth in paragraph "47" of the complaint, except admits that the claim has not been settled.

48. Defendant states that the allegations set forth in paragraph "48" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

49. Defendant states that the allegations set forth in paragraph "49" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

50. Defendant states that the allegations set forth in paragraph "50" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

51. In response to the allegations set forth in paragraph "51" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "50" of this answer as if fully set forth therein.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. In response to the allegations set forth in paragraph "54" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "53" of this answer as if fully set forth therein.

55. Denies the allegations set forth in paragraph "55" of the complaint.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. In response to the allegations set forth in paragraph "57" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "56" of this answer as if fully set forth therein.

58. Denies the allegations set forth in paragraph "58" of the complaint.

59. Denies the allegations set forth in paragraph "59" of the complaint.

60. Denies the allegations set forth in paragraph "60" of the complaint.

61. Denies the allegations set forth in paragraph "61" of the complaint.

62. Denies the allegations set forth in paragraph "62" of the complaint.

63. In response to the allegations set forth in paragraph "63" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "62" of this answer as if fully set forth therein.

64. Denies the allegations set forth in paragraph "64" of the complaint.

65. Denies the allegations set forth in paragraph "65" of the complaint.

66. In response to the allegations set forth in paragraph "66" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "65" of this answer as if fully set forth therein.

67. Denies the allegations set forth in paragraph "67" of the complaint.

68. Denies the allegations set forth in paragraph "68" of the complaint.

69. In response to the allegations set forth in paragraph "69" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "68" of this answer as if fully set forth therein.

70. Denies the allegations set forth in paragraph "70" of the complaint.

71. In response to the allegations set forth in paragraph "71" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "70" of this answer as if fully set forth therein.

72. Denies the allegations set forth in paragraph "72" of the complaint.

73. In response to the allegations set forth in paragraph "73" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "72" of this answer as if fully set forth therein.

74. Denies the allegations set forth in paragraph "74" of the complaint.

75. Denies the allegations set forth in paragraph "75" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**:

76. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**:

77. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**:

78.     Defendant Wileen Moore has not violated any clearly established constitutional right of which a reasonable person would have known and, therefore, is protected by qualified immunity from liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**:

79.     Any injury alleged to have been sustained resulted from plaintiff's respective culpable or negligent conduct and/or the conduct of someone not under the control of defendant, and was not the proximate result of any act of defendant.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

80.     There was probable cause for plaintiff's arrest and/or detention.

**WHEREFORE**, defendant Wileen Moore requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
            December 28, 2007

**MICHAEL A. CARDOZO**
Corporation Counsel of the
    City of New York
Attorney for Defendants City of New York,
    Tariq Atkins, and Wileen Moore
100 Church Street
New York, New York  10007
(212) 227-4071

By: _____/S/_____
       SUSAN P. SCHARFSTEIN

To:   Brett H. Klein, Esq.
      Leventhal & Klein, LLP
      45 Main Street, Suite 230
      Brooklyn, NY  11201

Index No.  07 CV 7848 (RJS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVANGELO THOMATOS,

                                                   Plaintiff,

-against-

CITY OF NEW YORK, TARIQ ATKINS, WILEEN MOORE, and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                                   Defendants.

**ANSWER OF DEFENDANT WILEEN MOORE**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, Tariq Atkins, and Wileen Moore*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Susan P. Scharfstein (SS 2476)*
*Tel:  (212) 227-4071*
*NYCLIS No.:*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ..............................................., 200 . . .*

*................................................................................Esq.*

*Attorney for ....................................................................*